524 P.2d 1323

**LYCOMING DIVISION OF AVCO CORPO-
RATION, a Delaware corporation,
Petitioner,**

v.

**The SUPERIOR COURT OF MARICOPA
COUNTY, Arizona, and the Honorable
Roger G. Strand, Respondent;**

Fay I. MORTON, Administratrix of the Es-
tate of Carl B. Morton, Deceased, and on
behalf of the surviving heirs, Carl B. Mor-
ton, Jr., and Pamela Morton, minors, Real
Party in Interest.

**No. 1 CA–CIV 2772.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 6, 1974.

Rehearing Denied Sept. 16, 1974.
Review Denied Nov. 26, 1974.

Jennings, Strouss & Salmon by M. Byron Lewis, Phoenix, for petitioner.

Charles M. Brewer, Ltd., by Charles M. Brewer, Ronald L. Dunham, Phoenix, for real party in interest.

## OPINION

EUBANK, Judge.

This special action in the nature of certiorari involves a review of the propriety of the respondent trial court's order denying a motion to dismiss a complaint for lack of personal jurisdiction over the petitioner in a pending civil action. ·

The pending action in the trial court is a wrongful death action brought by real party in interest here, Fay I. Morton, against numerous defendants, including petitioner here, Lycoming Division of Avco Corporation. Mrs. Morton is a resident of Arizona and the Arizona personal representative of the deceased. The exact status of Lycoming Division of Avco Corporation was not established by the pleadings or by counsel at the hearing before this Court, but as all parties have treated Lycoming and Avco as being the same entity, we will treat it in the same manner and it will be referred to hereafter as Avco. Avco is a foreign corporation and was served with the summons and complaint by certified mail to its statutory agent in Delaware. In its answer, and later by separate motion, Avco moved to dismiss the complaint for failure to state a cause of action and for lack of personal jurisdiction over it. The trial court denied these motions, and this special action petition was then filed.

Since expeditious review of such a ruling is an appropriate subject for special action proceedings, we accepted jurisdiction. Magidow v. Coronado Cattle Co., 19 Ariz.App. 38, 504 P.2d 961 (1972); Deere & Co. v. Superior Court, 18 Ariz.App. 491, 503 P.2d 967 (1972). For the reasons hereafter stated, the requested relief of directing the trial court to grant petitioner's motion to dismiss the complaint as to it is granted.

We note initially that the complaint, on its face, does not allege the residence of the plaintiff, the place of death, that defendant Avco is a corporation doing business in this state, or that it caused any event to occur in this state out of which the claim arose. It does allege that Avco is a foreign corporation. The complaint therefore does not comply in any way with Rule 8(a), Rules of Civil Procedure, 16 A. R.S. However, the parties proceeded to submit affidavits, other evidentiary materials, and memoranda for consideration by the ·trial court in its ruling on the motion. From the pleadings and these documents it appears undisputed that the plaintiff Morton is a resident of Arizona, that the death of the deceased occurred in Nogales, Sonora, Republic of Mexico, that the defendant Avco is a Delaware corporation having its principal place of business in Connecticut, that it is not licensed to do business in Arizona, and that Avco is not the employer, employee, principal or agent of any other defendant.

The only dispute between the parties centers on the question of whether Avco is doing business in this state. Avco asserts that it is not. Morton asserts that it is, and has filed affidavits indicating in substance that Piper airplanes containing

Avco (Lycoming) engines are sold in Arizona, that Avco (Lycoming) engines are themselves sold in Arizona by independent distributors, and that certain specified subsidiaries of Avco are doing business in Arizona in areas of activity completely unrelated to plaintiff, deceased, or the subject matter of the claim. These affidavits also recite extensive statistics to show that Avco is a giant corporate conglomerate with practically unlimited financial resources. Inasmuch as the actual facts, and not the mere allegations of the complaint, are determinative of the jurisdictional question, we have considered all of the foregoing as material facts. Magidow v. Coronado Cattle Co., *supra*; Pegler v. Sullivan, 6 Ariz. App. 338, 432 P.2d 593 (1967).

In determining whether an Arizona court can acquire personal jurisdiction over a foreign corporation, we start with the general proposition that without personal service of process on that corporation within this state, no personal jurisdiction is acquired. Pennoyer v. Neff, 95 U. S. 714, 24 L.Ed. 565 (1878); O'Leary v. Superior Court, 104 Ariz. 308, 452 P.2d 101 (1969); Magidow v. Coronado Cattle Co., *supra*. The only basis for personal jurisdiction over Avco in contravention of this fundamental rule of law which could be asserted is Arizona's "long arm" provision, contained in Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S. Real party in interest asserts that service was made pursuant to that Rule and that by its terms such service has the same èffect as personal service within the state.

Rule 4(e)(2) provides in pertinent part that:

> "When the defendant . . . is a corporation *doing business in this state*, or . . . *which has caused an event to occur in this state* out of which the claim which is the subject of the complaint arose . . ." (Emphasis added)

it may be served with process by registered (or certified) mail sent to it outside of this state, with the same effect as personal service within the state, *i. e.*, the conferring on the court of *in personam* jurisdiction over the corporation served. While this Rule is intended to permit Arizona courts to exercise the maximum jurisdiction permitted under United States Constitutional standards, the question of the outer limits of jurisdiction under those standards is not reached unless the facts of the particular case first bring it within the provisions of Rule 4(e)(2), *supra*. If one of the two conditions is met, then the Arizona courts have jurisdiction, subject to the limits laid down by federal constitutional standards. Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966); Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc., 20 Ariz.App. 517, 514 P. 2d 270 (1973). Once the existence of personal jurisdiction is appropriately challenged, the party asserting jurisdiction has the burden of establishing it. Magidow v. Coronado Cattle Co., *supra*; Deere & Co., v. Superior Court, *supra*; Pegler v. Sullivan, *supra*.

In this case, there is no contention that Avco caused any event related to the wrongful death claim to occur within this state. Real party in interest Morton therefore had the burden of establishing that Avco was doing business in Arizona.

In attempting to meet this burden, ·Morton filed the affidavits mentioned above, but relied primarily upon the averments therein concerning the great size and wealth of Avco, the diversified activities of its various subsidiaries, and the disparity between her economic situation and that of Avco. She then asserted that she had met the "sole test to determine the criteria necessary to obtain jurisdiction", which she says is the "Three Prong Fairness Test" of · Phillips v. Anchor Hocking Glass Corp., *supra*. Real party in interest has become so enthralled with her statistics that she has overlooked the fact that the "fairness" test of Phillips does not come into play at all until the case has first been brought within Rule 4(e)(2) by showing that the defendant is doing business in Arizona or

caused an event to occur here. Neither of these essentials is established by her affidavits. What they do show relevant to these requisites is merely that (1) airplanes manufactured by an unrelated company which contain Avco engines are sold in Arizona, (2) Avco engines are available for sale in Arizona through distributors who are independent of Avco, and (3) that certain named *subsidiaries* of Avco are doing business in Arizona in commercial areas which are unrelated to the subject matter of the claims alleged in the complaint.

 "Doing business" for Rule 4(e)(2) purposes requires a showing of a systematic. and continuous course of conduct within the state by the defendant over whom jurisdiction is asserted. Denn v. Southern Peru Copper Corp., 19 Ariz.App. 453, 508 P.2d 340 (1973). There has been no such showing here as to Avco. The mere presence in Arizona of Avco products (Lycoming engines) is insufficient to confer jurisdiction on our Superior Court. Deere & Co. v. Superior Court, *supra*. The carrying on of business activities in this state by a foreign corporate parent through its subsidiary corporations does not constitute the doing of business here by the parent so as to subject the parent to the long arm jurisdiction of this state. *Ibid.* Furthermore, when the cause of action does not arise out of any forum related activity of a foreign corporation, as is the case here, that corporation must be engaged in such substantial and extensive activities in this state as to make it legally "present" in this state before jurisdiction may be exercised over it. Denn v. Southern Peru Copper Corp., *supra;* Deere & Co. v. Superior Court, *supra*. The affidavits of real party in interest simply do not show any forum related activity by Avco which is legally sufficient to establish that it is doing business or is "present" in Arizona. She has therefore not met her burden of establishing jurisdiction or of bringing this case within the provisions of Rule 4(e)(2). Thus there was no legal basis for obtaining personal jurisdiction by service of process on Avco outside of Arizona, and the trial court acquired no jurisdiction over it.

The order of the respondent trial court denying petitioner's motion to dismiss is reversed, and that court is directed to enter an order dismissing the complaint as to petitioner herein for lack of personal jurisdiction over it.

JACOBSON, Chief Judge, Division 1, and HAIRE, P. J., concur.