Frank SAVARESE, Plaintiff-Appellee,

v.

EDRICK TRANSFER & STORAGE,
INC., a Wisconsin Corporation,
Defendant-Appellant.

No. 73–2160.

United States Court of Appeals,
Ninth Circuit.

March 10, 1975.

Duane W. Bolze (argued), Phoenix, Ariz., for defendant-appellant.

John G. Thomas (argued), Scottsdale, Ariz., for plaintiff-appellee.

## OPINION

Before LUMBARD,* KOELSCH and WRIGHT, Circuit Judges.

LUMBARD, Circuit Judge:

Defendant Edrick Transfer & Storage, Inc. [Edrick], appeals from the entry of a default judgment against it in the District Court of Arizona.

Plaintiff Frank Savarese filed his complaint in this action on April 6, 1972, in the Superior Court of Maricopa County, Arizona. He alleged that Edrick owed him $6,501.83 in unpaid wages and com-

* United States Court of Appeals for the Second Circuit, sitting by designation.

missions and $5,400.00 that it had received from him for payment of a truck which it had later repossessed. Savarese also alleged that he had in his possession some $2,578.41 which belonged to defendant and which he asked the court to permit him to apply to his claim of $11,-901.83. Edrick removed the case to the district court on May 31, 1972. It thereafter took no action and a default was entered on January 22, 1973. The district court denied Edrick's motion under Fed.R.Civ.P. 55(c) to set aside the entry of default and entered a default judgment on March 29, 1973, which awarded Savarese the relief sought in his complaint. The district court later denied a motion under Fed.R.Civ.P. 60(b) to vacate its judgment and Edrick appealed.

On appeal Edrick argues that the default judgment should be set aside for five reasons: first, it claims that the district court lacked subject-matter jurisdiction because less than $10,000 was in controversy; second, that its time to answer had not expired before entry of default; third, that no personal jurisdiction existed because the summons and complaint were not properly served; fourth, that it was not subject to the long-arm jurisdiction of Arizona courts because it was not "doing business" in the state of Arizona; and fifth, that the district court erred in not granting its motion to set aside the entry of default and its motion to vacate the default judgment.

## I.

■■ Edrick claims that the complaint does not satisfy the $10,000 jurisdictional amount requirement of 28 U.S.C. §§ 1332, 1441.[1] We disagree. As found by the district court, the amount in controversy here is $11,901.83. That is the amount requested by Savarese and that is the amount that the district court awarded to him.[2] The $2,578.41 which the complaint stated Savarese possessed and owed to Edrick should not be subtracted from the $11,901.83 in order to calculate the jurisdictional amount. If the court had awarded Savarese $9,323.42, he would not have received what he was claiming because he then would have no legal right to continue to retain Edrick's $2,578.41. Edrick could pay Savarese $9,323.42 and then sue him for its $2,578.41 and it would undoubtedly win. Thus the amount in controversy was $11,901.83.[3]

## II.

Edrick's second argument is that the default judgment was improperly entered because its time to file an answer had not expired. Since Edrick is located out of Arizona, Savarese obtained service of the summons and complaint by mailing it to Edrick in May 1972. However, Savarese's attorney failed to file an affidavit of service in the district court until December 19, 1972. Under Arizona rules of procedure service is not complete until

1. When Edrick removed the case to the district court, it claimed that more than $10,000 was at stake. Record at 1. However, a challenge to the district court's subject matter jurisdiction is not waivable; whenever it is made, the district court must consider it. Fed.R.Civ.P. 12(h)(3).

2. The district court granted "Judgment for plaintiff Frank Savarese and against defendant Edrick Transfer and Storage Company *for the total sum of $11,901.83,* and allowing the sum of $2,578.41, held in trust by plaintiff, as an offset towards said judgment." Record at 55 (emphasis added).

3. Edrick's reliance on Kansas City Philharmonic Assn. v. Greyhound Lines, Inc., 257 F.Supp. 941 (W.D.Mo.1966), is misplaced. In that case the district court remanded a case removed by defendant on the ground that plaintiff had demanded a judgment of only $9,951.77. In the complaint plaintiff had alleged injury from defendant's breach of contract in an amount of $12,731.27, but at the same time admitted owing defendant $2,784.50 on the contract. However, instead of asking for judgment of $12,731.27 against which the $2,784.50 would then be offset, plaintiff sought a judgment of $9,951.77. This was probably inadvertent because defendant could have paid plaintiff the $9,951.77 and still have demanded payment of the $2,784.50. But the district court found that plaintiff was the master of his own complaint. Since less than $10,000 had been sought the court concluded that it had no jurisdiction. See generally C. Wright, Federal Courts 116–17 & n. 52, 134 (2d ed. 1970).

30 days after such an affidavit is filed. Ariz.R.Civ.P. 4(e)(2)(a), 16 A.R.S. Thus, under Arizona rules service was not complete until January 18, 1973. Arizona rules would then give Edrick 30 days in which to file an answer. Ariz.R.Civ.P. 4(e)(4). Default was entered on January 22, 1973, only four days after service was complete under the Arizona rules. Edrick argues that default was improperly entered since its time to answer had not expired.

In advancing this argument on appeal Edrick ignored rule 81(c) of the Federal Rules of Civil Procedure even though it had been cited by the district court. That rule provides in part:

> In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever is longest.

There is no question that Edrick failed to file an answer within 5 days of filing its removal petition or within 20 days after receipt of the initial pleading by "service or otherwise."

However, in its reply brief filed in this court Edrick focuses on the second clause of rule 81(c) and claims that service of the summons was not complete until January 18, 1973, because of the Arizona rule cited previously. We disagree. The second clause of rule 81(c) was intended to cover cases arising in states which require only service of a summons and not a complaint:

> The phrase, "or within 20 days after the service of summons upon such initial pleading, then filed," was inserted . . . because in several states suit is commenced by service of summons upon the defendant, notifying him that the plaintiff's pleading has been filed with the clerk of the court. Thus, he may never receive a copy of the initial pleading.

Supreme Court's Explanatory Note in 7 Moore's Federal Practice ¶ 81.01[19] at 81–33 n*.[4] Thus, the second clause of the rule was viewed as more restrictive than the first because a defendant would have to file an answer within 20 days of service of a summons even though the complaint to which the answer would have to be directed was not served.

 We think it is clear that the intent of the rule makers was to ensure the speedy filing of answers in removed actions. See generally 7 Moore's Federal Practice ¶¶ 81.01[12]–[20]; cf. Mahoney v. Witt Ice & Gas Co., 131 F.Supp. 564, 568 (W.D.Mo.1955). The interpretation of rule 81(c) urged by Edrick would defeat the purpose of speedily processing removed cases. Thus, we conclude that the second clause of rule 81(c) applies only to cases arising in states which do not require service of both a summons and complaint. Since Arizona does require service of both, Ariz.R.Civ.P. 4(d), this clause is not available to Edrick. Edrick should have filed its answer by June 5, five days after it petitioned for removal.[5]

 Even if we did not adopt the foregoing interpretation of rule 81(c)'s

---

4. This interpretation is made even clearer by comparing the language of rule 81(c) with that of 28 U.S.C. 1446(b) which establishes the time period in which a defendant must petition for removal. Section 1446(b) provides in part that a petition for removal shall be filed within 30 days

> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . or within 30 days of the service of summons upon defendant if such initial pleading has then been filed in court and is not required to be served on defendant . . . ..

5. Since Edrick received the summons and complaint on May 4, 1972, the other clauses of rule 81(c) would have required an answer by May 27, 1972. (The extra three days are provided by rule 6(e).)

second clause, we would conclude that Edrick was in default. The removal statute provides that if service has not been completed prior to removal, it may be completed under the federal rules. 28 U.S.C. § 1448. See also Fed.R.Civ.P. 81(c).[6] There is no federal rule that specifies the time at which service becomes complete.[7] However, service was unquestionably complete when the affidavit of service was filed in federal court on December 19, 1972. See Fed.R.Civ.P. 4(g). In such a case rule 81(c) would require Edrick to answer by January 11, 1973, or 11 days prior to entry of default. Thus we conclude that Edrick's time to answer had expired prior to default.

### III.

Edrick's third argument is that the state court lacked personal jurisdiction over it (and therefore no derivative federal jurisdiction exists)[8] because the service of the summons and complaint failed to comply with the Arizona Rules of Civil Procedure which provide:

Service shall be made as follows:

6. Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to [a partner,] an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive serv-

ice and the statute so requires, by also mailing a copy to the defendant. Ariz.R.Civ.P. 4(d)(6).[9] Edrick claims that service was inadequate because the registered mail receipt indicates that the summons and complaint was received by James L. Plale, who did not hold any of the positions listed in the rule. We find this argument unpersuasive.

Under Arizona law the requirements of rule 4(d)(6) are met if process is served on a person in a position such that it is "reasonably certain" that the corporation will receive actual notice of the suit. Schering Corp. v. Cotlow, 94 Ariz. 365, 385 P.2d 234, 237 (1963) (en banc). Here the corporation received actual notice; it promptly removed the case to the federal court. In fact, the vice president of Edrick in his petition for removal stated that "a copy of the Summons and Complaint was served on petitioner . . . on May 4, 1972." Record at 1.[10]

█ The only issue is whether Plale held such a position that one could assume with reasonable certainty that he would notify the proper officials of Edrick. Plale was Edrick's dispatcher. Since this job largely entails receiving and sending communications, we think that it was reasonably certain that Plale would forward any legal papers to the proper official of Edrick. The fact that he did so promptly lends support to our conclusion.

This result is supported by decisions of the Arizona courts. They indicate that a person is an agent of a corporation so

---

6. Any attempt by Edrick to argue that the Arizona rules are not overridden by the federal rules is precluded by Granny Goose Foods, Inc. v. Teamsters Local 70, 415 U.S. 423, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974).

7. Rule 4(g) provides that "[f]ailure to make proof of service does not affect the validity of the service." This suggests that under the federal rules "service" occurs when the papers are actually served on a person, not when proof of service is filed.

8. "The jurisdiction of the federal court on removal is . . . a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . . ."

Lambert Run Coal Co. v. Baltimore & Ohio RR Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). See generally 1A Moore's Federal Practice ¶ 0.157[3]; C. Wright, Federal Courts 132 (2d ed. 1970).

9. The Arizona rule is identical to federal rule except that the bracketed language is not in the federal rule. See Fed.R.Civ.P. 4(d)(3).

10. The district court relied on the fact of removal and Edrick's actual notice of the suit as grounds for rejection of this argument in its opinion on the rule 55(c) motion. Record at 52–53.

long as he is a responsible employee of the corporation. See Schering Corp. v. Cotlow, *supra* (sales representative); Arizona Mutual Auto Ins. Co. v. Bisbee Auto Co., 22 Ariz. 376, 197 P. 980 (1921) (insurance salesman); Safeway Stores, Inc. v. Ramirez, 1 Ariz.App. 117, 400 P.2d 125 (1965) (store manager). See also Koninklijke Luchtvaart Maatschappij N.V. v. Curtiss Wright Corp., 17 F.R.D. 49 (S.D.N.Y.1955) (federal rule—service on corporate officer's secretary). We find it no less likely that a dispatcher at corporation headquarters would forward legal papers to the proper person than that a salesman in the field would do so. *Cotlow* seems to stress the need for actual notice and that was present here.

Even if we did not conclude that service was adequate under Arizona law, reversal would not be appropriate. Once this action was removed to the federal courts, the Federal Rules of Civil Procedure applied. Fed.R.Civ.P. 81(c). Under these rules "a defense . . . or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." Fed.R. Civ.P. 12(h)(1).

Under rule 12(h)(1), Edrick could be held to have waived a defense of insufficiency of service of process when it failed to raise it in its answer[11] or by a rule 12 motion.[12] See Clover Leaf Freight Lines, Inc. v. Pacific Coast Wholesalers Assn., 166 F.2d 626, 632 (7th Cir. 1948), cert. denied, 335 U.S. 823, 69

S.Ct. 46, 93 L.Ed. 377 (1948); Geo-physical Maps, Inc. v. Toycraft Corp., 162 F.Supp. 141, 148 (S.D.N.Y.1958); 5 C. Wright & A. Miller, Federal Procedure & Practice § 1391, at 855, 857–58 (1969).

## IV.

Edrick also argues that personal jurisdiction did not exist because it was not "doing business" in the state of Arizona and is therefore not subject to service under Arizona's long-arm rule. *See* Ariz.R.Civ.P. 4(e)(2).[13] We feel that the district court's rejection of this argument was appropriate under the circumstances of this case.

■ The waiver provisions of rule 12(h)(1) of the Federal Rules of Civil Procedure, which were discussed above, apply to a defense based on a lack of personal jurisdiction. Imposing such a waiver is particularly appropriate here because it does not appear that Edrick even raised this argument in its rule 55(c) motion. It clearly is not argued in the memorandum submitted with that motion and it is not mentioned in the district court's opinion. Likewise, no mention of the argument is made in the subsequent rule 60(b) motion or in Edrick's accompanying memorandum or in its brief filed in this court.[14]

■ Even if we did not hold that Edrick waived the personal jurisdiction argument under rule 12(h)(1), we would uphold the district court's decision not to vacate its judgment on a rule 60(b) motion. If Edrick wished seriously to advance this argument at such a late stage in the proceedings, it should have presented and discussed evidence which would support its claim that it was not

---

11. We have previously held that Edrick's time in which to file an answer had expired. See part II.

12. The district court cited rule 12(h) when it rejected Edrick's insufficiency of service argument in its opinion on the rule 60(b) motion. Record at 77–79.

13. This argument is also based on the derivative nature of removal jurisdiction. If the Arizona court where the suit was initially

filed did not have jurisdiction, then the district court would not have jurisdiction on removal. See note 8 supra.

14. The district court's opinion on the rule 60(b) motion briefly rejected the lack of personal jurisdiction argument and noted that it had not been "significantly argued." In fact, the argument was not explicitly made in papers filed with a court until Edrick filed its reply brief in this court.

doing business in Arizona.[15] As the record stood before the district court it included Edrick's proposed answer to Savarese's complaint in which Edrick admitted it was doing business in Arizona and an affidavit by an officer of Edrick that its equipment was used to move goods from Wisconsin to Arizona.[16] Since the standard of "doing business" is not difficult to meet[17] it appears that on the facts before it the district court was justified in finding that it had jurisdiction.[18]

## V.

Finally, Edrick argues that the district court erred in refusing to set aside Edrick's default under rule 55(c) and in refusing to vacate the judgment entered on that default under rule 60(b). At the outset it should be noted that the granting or denial of such motions is left largely to the discretion of the district court. Martella v. Marine Cooks & Stewards Union, 448 F.2d 729 (9th Cir. 1971) (rule 60(b)), cert. denied, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1974); Madsen v. Bumb, 419 F.2d 4 (9th Cir. 1969) (rule 55(c)); 10, 11 C. Wright & A. Miller, Federal Practice & Procedure §§ 2693, 2857 (1973).

Edrick argues that we should rule that the district court abused its discretion in denying its motions. It urges that it established that the failure to file an answer was due to mistake, inadvertence, or excusable neglect. See Fed.R.Civ.P. 60(b)(1). It claims that confusion between its Arizona counsel (Bolze) and its Wisconsin counsel (Friesler) resulted in its failure to file an answer. The record shows that Friesler claimed that he assumed that Bolze would file the answer Friesler had forwarded to him when Bolze "determined the time was proper." Record at 42. Bolze claimed that he thought that he was to file the answer only on further instructions from Friesler. Record at 40.

If only the above facts were reflected we might be tempted to rule that the district judge acted too harshly in this case, but the record suggests that the real reason that no answer was filed was because of a lack of understanding of the removal process on the part of Edrick's attorneys. In attorney Bolze's memorandum in support of the rule 55(c) motion he argued that the removal statute, 28 U.S.C. §§ 1441–1451, is "silent with respect to any specific requirement concerning the necessity for defendant to proceed to answer or otherwise plead after removal." Record at 31.

**15.** Normally the burden of proving that a defendant is doing business in Arizona is on the plaintiff once the defendant has raised it. Lycoming Div. of Avco Corp. v. Superior Ct., 22 Ariz.App. 150, 524 P.2d 1323 (1974); Deere & Co. v. Superior Ct., 18 Ariz.App. 491, 503 P.2d 967 (1972). Here, however, plaintiff should not have to carry that burden since Edrick failed to assert the argument in explicit terms.

**16.** Edrick alleged in its proposed answer that it was not licensed to do business in Arizona. It is clear, however, that a corporation need not be licensed to do business in the state in order to be found to be "doing business" in the state for the purposes of rule 4(e)(2). The application of the licensing statutes requires a closer nexus with Arizona than is required by the long-arm rule. Rochester Capital Leasing Co. v. Sprague, 13 Ariz.App. 77, 474 P.2d 201 (1970).

**17.** The drafters of Arizona rule 4(e)(2) intended it to grant the maximum possible jurisdiction over foreign corporations to Arizona

courts. Powder Horn Nursery, Inc. v. Soil & Plant Laboratory, Inc., 20 Ariz.App. 517, 514 P.2d 270 (1973). The "doing business" requirement is satisfied if a foreign corporation engages in a systematic and continuous course of business within the state. Lycoming Div. of Avco Corp. v. Superior Ct., 22 Ariz.App. 150, 524 P.2d 1323 (1974). "Absolute continuity, of course, is not required, but the business done must be continuous in the sense that it is distinguishable from a casual isolated transaction, which alone does not constitute doing business in the state." Wells Fargo & Co. of Mexico, S. A. v. McArthur Bros. Mercantile Co., 42 Ariz. 405, 26 P.2d 1021, 1027 (1933) (emphasis added).

**18.** Edrick has never suggested that the due process notions of fair play or substantial justice would be violated by subjecting it to the jurisdiction of Arizona courts. Moreover, since it is a corporation and Savarese an individual, such considerations would probably support a finding that jurisdiction exists. See Phillips v. Anchor Hocking Glass Corp., 100 Ariz. 251, 413 P.2d 732 (1966) (en banc).

As the prior discussion demonstrates, rule 81(c) deals in detail with a defendant's duty to answer after removal. We feel, as did the district judge, that parties who remove cases to the federal courts should become acquainted with and comply with the Federal Rules of Civil Procedure. We see no reason for the federal courts to excuse such professional neglect in a case which barely met the jurisdictional amount requirements.[19] Defendants in state court actions should not remove them to a federal court if they lack a basic understanding of federal rules and procedure. We conclude that the district court did not abuse its discretion in denying Edrick's motions.

Affirmed.

19. The existence of inexcusable neglect in this case makes it unlike Schwab v. Bullock's, Inc., 508 F.2d 353 (9th Cir. 1974), where this court reversed a district court's denial of a rule 60(b) motion. In that case, we held that the negligence there was not excusable. 508 F.2d at 356. Here we think that the negligence was not excusable under rule 60(b)(1).