573 P.2d 91

**ROWELL LABORATORIES, INC., the Blue Line Chemical Company, Petitioners,**

v.

**The SUPERIOR COURT IN AND FOR the COUNTY OF PIMA, Hon. Robert B. Buchanan, Judge of the Superior Court, Division 13, Respondents,**

**and**

**Kathleen S. CHAPMAN et al., Real Parties in Interest.**

**No. 2 CA–CIV 2755.**

Court of Appeals of Arizona, Division 2.

Dec. 21, 1977.

Johnson, Tucker, Jessen & Dake by John P. Barker, Jr. and Susan A. Ehrlich, Phoenix, for petitioners.

Chandler, Tullar, Udall & Redhair by John W. McDonald and Joe F. Tarver, Jr., Tucson, for real parties in interest.

## OPINION

HOWARD, Chief Judge.

The denial of motions to dismiss for lack of in personam jurisdiction by Rowell Laboratories, Inc. and The Blue Line Chemical Company, defendants in a pending superior court action for personal injuries, (hereinafter called defendants) is the subject of this special action. Since denial of a motion to dismiss is an interlocutory non-appealable order, appellate intervention through special action is appropriate. *Deere & Company v. Superior Court for Pima County*, 18 Ariz.App. 491, 503 P.2d 967 (1972). We therefore accept jurisdiction and grant relief.

A complaint was filed by Kathleen S. Chapman and her parents against various defendants, who allegedly had manufactured, assembled, sold, promoted and/or distributed certain pharmaceutical compounds. The complaint alleged that the defendants were foreign corporations either doing business in Arizona or had caused an event to occur in Arizona. It further alleged that the plaintiff Kathleen Chapman was in the fetal stage when her mother ingested a drug alleged to be Diethylstilbestrol (DES), during 1953 and 1954 and that as a direct result of the drug ingestion by the mother, the daughter presently suffers from vaginal adenosis, a cancerous or pre-cancerous condition caused by the drug.

Defendants filed their respective motions to dismiss contending that they were neither doing business, nor had caused an event to occur, in Arizona. In support of their claims that they were not doing business in Arizona so as to subject themselves to the jurisdiction of the Arizona courts, they relied on affidavits which established that neither company had been licensed to do business in Arizona nor had ever done business in Arizona and that neither company had any salesmen, agents or representatives in Arizona. Further, they had neither sold DES nor caused DES to be sold in Arizona, Rowell Laboratories' total sales in Arizona for 1976, the year in which the complaint was filed, represented .23% of its total sales volume for that year and Blue Line's total sales in Arizona for the same year constituted .38% of its total sales volume.

In support of their claim that they had not caused an event to occur in Arizona, the

defendants relied on the following admitted facts. The plaintiff-mother ingested the drug in Ohio during her pregnancy in 1953 and 1954 with the then unborn plaintiff, Kathleen Chapman. The drug was prescribed and purchased in the state of Ohio, the mother resided in Ohio during her pregnancy and both she and the daughter continued to reside in Ohio until 1963, at which time they moved to Arizona.[1]

We agree with defendants that neither requirement of Rule 4(e)(2), Rules of Civil Procedure, has been satisfied so as to confer in personam jurisdiction over the defendants.

When defendants posed the jurisdictional challenge, the plaintiffs had the burden of showing that they were doing business in the state within the purview of Rule 4(e)(2), Rules of Civil Procedure. *Deere & Company v. Superior Court for Pima County, supra.* The term "doing business" refers to "a systematic and continuous course of conduct within the state by the defendant over whom jurisdiction is asserted." *Lycoming Division of AVCO Corp. v. Superior Court,* 22 Ariz.App. 150, 524 P.2d 1323 (1974). The defendants' affidavits established "mere presence" of some of their products in this state which were not sold by them directly to the public but rather through independent distributors in Arizona. This activity does not constitute a systematic and continuous course of conduct within the state, *Lycoming, supra,* and therefore they were not doing business in Arizona.

Did these defendants cause an event to occur in this state out of which the plaintiffs' claim arose? In *Houghton v. Piper Aircraft Corporation,* 112 Ariz. 365, 542 P.2d 24 (1975), our Supreme Court held that where the actual damage causing event did not occur in this state, and the only nexus with this state was the *effects* of the event, the requisite "minimum contact" with Arizona is not met. Here, the actual damage causing event, i. e. ingestion of the drug, occurred in Ohio during the mother's pregnancy. The vaginal adenosis which the daughter subsequently developed after the plaintiffs became residents of Arizona, could be no more than an *effect* of damage to the fetus while en ventre sa mére. As stated in *Houghton, supra*:

"The only contact this case has with this state is that the plaintiffs became residents of Arizona between the date the accident occurred and the date this suit was filed. The fact that the appellants continue to endure the effects of the accident as Arizona residents does not establish a damage causing 'event * * * out of which the claim * * * arose' within the meaning of Rule 4(e)(2). [citations omitted] To hold otherwise would encourage forum shopping, as the effects of a party's injury would follow him to whatever location he considered most advantageous to press his claim." 112 Ariz. at 369, 542 P.2d at 28.

The plaintiffs did not meet their burden of countering the defendants' jurisdictional challenge and therefore their motions to dismiss should have been granted. We therefore vacate the order denying the motions with directions to enter an appropriate order of dismissal.

HATHAWAY, J., and JACK G. MARKS, Superior Court Judge, concur.

NOTE: Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

---

1. At the hearing on these motions, the defendants also filed a portion of a doctor's deposition in which he stated that the cause of Kathleen's vaginal adenosis was "some congenital form that occurred at the time that her vaginal-cervical body was formed."