37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
LFD INVESTMENT FUND, Defendant,
and
Joseph J. Berrueta; Patricia M. Berrueta, Defendants-Appellants.
 No. 93-15614.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1994.*
Decided Oct. 6, 1994.
 
 Before: FARRIS AND BEEZER, Circuit Judges, and McLAUGHLIN**, District Judge.
 MEMORANDUM***
 Appellants Joseph and Patricia Berrueta ("the Berruetas") challenge the district court's grant of summary judgment to the United States, acting through the Farmers Home Administration ("FmHA"), in its action seeking money judgment on three promissory notes. The Berruetas contend that the district court abused its discretion by denying them leave to amend their answer to state defenses of lack of personal jurisdiction, insufficient service of process and improper venue. They also contend that the court denied them an opportunity to present their pending motions during a telephonic hearing. Specifically, the Berruetas argue that the court should have granted their cross-motion for summary judgment because the government's action was barred by limitations. The district court had subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1345. We have jurisdiction and affirm in part and reverse in part.
 * We review de novo the district court's grant of summary judgment. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We review the denial of leave to amend pleadings for an abuse of discretion. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir.1991).
 II
 The Berruetas contend that the district court abused its discretion by denying them leave to amend their answer to state defenses based on lack of personal jurisdiction, insufficient service of process and improper venue.
 Fed.R.Civ.P. 12(h)(1) provides, in pertinent part, that "[a] defense of lack of jurisdiction over the person, improper venue, ... or insufficiency of service of process is waived ... (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." When the pleading is one to which no responsive pleading is permitted, the party may amend it as a matter of course "at any time within 20 days after it is served." Fed.R.Civ.P. 15(a).[1] Otherwise, the party may amend only by leave of court. Id. The refusal to grant leave without any apparent justifying reason is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).
 The Berruetas' failure to raise the defenses enumerated in Rule 12(h)(1) in the answer they filed on July 22, 1991 constituted a waiver. Savarese v. Edrick Transfer & Storage, Inc., 513 F.2d 140, 145 (9th Cir.1975). We note that the Berruetas also failed to raise these defenses in the "motion for dismissal" they filed on August 7, 1991. They first raised insufficiency of service of process, improper venue and lack of personal jurisdiction on June 22, 1992, nearly one year after they filed their answer and after both they and the government moved for summary judgment. Under these circumstances, the district court was well within its discretion to deny their motion for leave to amend based on undue delay. Whatever prejudice the Berruetas may have suffered due to defects in the initiation of the suit was, as a practical matter, dispelled by their active defense of the FmHA's action.
 III
 The Berruetas next claim that the district court erred in granting the government's motion for summary judgment and in denying their cross-motion for summary judgment. The Berruetas argue that the statute of limitations at 28 U.S.C. Sec. 2415(a) barred the government's actions for money judgment. They rely on United States v. Dos Cabezas Corp., 995 F.2d 1486, 1489-91 (9th Cir.1993), and assert that the limitations period begins to run from the time of default on individual installments or, in the alternative, at the time the government exercises its option to accelerate the entire loan.
 Section 2415(a) provides, in pertinent part, that "every action for money damages brought by the United States ... which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues ... Provided, That in the event of later partial payment or written acknowledgment of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment."
 After the district court entered summary judgment, we decided United States v. Dos Cabezas Corp., 995 F.2d 1486 (9th Cir.1993). Dos Cabezas concluded that the FmHA's action seeking a post-foreclosure deficiency judgment against a borrower was subject to the limitations period at Sec. 2415(a). 995 F.2d at 1490. In applying Sec. 2415(a), we adopted the general rule that a cause of action for installments already in default at the time an agency exercises its contractual option to accelerate accrues on the date or dates of default and stated that the cause of action on installments not yet due accrues only upon acceleration. Id. Dos Cabezas did not consider a situation where the borrower made a partial payment on the loan causing the statute of limitations to begin to run once again.
 The district court did not have an opportunity to apply Dos Cabezas to the facts of this case and facts material to the question of when the FmHA's causes of action accrued are in dispute. Specifically, the parties dispute the date on which the Berruetas made their last payment. The FmHA states that the Berruetas made a payment of $18,555.87 on October 21, 1983. Appellee's Answering Brief at 7. In contrast, the Berruetas state that they made no payments after 1982. We find no affidavits in support or in opposition to the facts recited in the parties briefs. Moreover, it is unknown to which of the three notes this partial payment was credited.
 Because 28 U.S.C. Sec. 2415(a) states that a later partial payment on an obligation renews the limitations period, we remand this case to the district court for a determination of when the FmHA's causes of action accrued and whether the limitations period bars some or all of the FmHA's claims. We reverse the district court's grant of summary judgment in favor of the government and remand for further proceedings including consideration of the Berruetas' statute of limitations defense.
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A reply to an answer is allowed only pursuant to court order. Fed.R.Civ.P. 7(a). As such, an answer is a pleading "to which no responsive pleading is permitted."