967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
INTERSTATE PRODUCTION CREDIT ASSOCIATION, a federal
instrumentality, Plaintiff-Appellee,
v.
Ronald D. BAKER, Defendant-Appellant.
and
Federal Land Bank of Spokane, a corporation; United States
of America, acting through the Small Business
Administration; Defendants,
Federal Intermediate Credit Bank of Spokane, Washington, a
federal corporation, Counter-Defendant.
 No. 91-35226.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1992.*
Decided June 8, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Baker raises several issues for the first time on appeal. He insists that the 1985 loan agreement allowed him to defer repayment if the crops were less than expected. He also contends that the agreement was more than just an agreement to loan a certain sum of money. He says that it also obligated the Production Credit Association to provide additional financing in the future. In addition, he contends that commercial impracticability excused his failure to perform on the loan. Because he failed to raise these issues in the district court, we do not consider them now.
 
 II
 
 3
 Baker suggests that the Association could not foreclose on the loan because the loan was merely past due rather than in default. He says the Association never called his loan. He argues further that he could not have defaulted in any event, because default requires willful behavior on his part, which the Association has failed to show.
 
 
 4
 We agree with the district court's finding that Baker did default on the loan. Baker's own expert examined a letter from the Association to Baker, dated November 14, 1986, and agreed that it informed Baker that his loan was being called. Baker failed to make timely payment and the Association called his loan. Nothing more is required for default.
 
 III
 
 5
 Baker next contends that the Association's miscomputation of his net worth prevented him and his wife from paying on the loan. He insists that this error set off a chain of events that finally resulted in his inability to pay the loan. He says that if Signalness had not erred, the Association would have renegotiated the loan, preventing default.
 
 
 6
 Under Montana law, the Association had no duty to renegotiate the loan once Baker defaulted. See, e.g., Montana Bank of Circle, N.A. v. Ralph Meyers & Son, Inc., 769 P.2d 1208, 1213-14 (Mont.1989). The error occurred after the default. At that point, the Association was required to do no more than act commercially reasonable under the circumstances. MCA § 28-1-211. The exercise of good business judgment does not constitute bad faith. First Nat'l Montana Bank of Missoula v. McGuiness, 705 P.2d 579 (Mont.1985).
 
 
 7
 The Association merely protected its interests in the face of a deteriorating credit risk. The carryover amount had increased over time. As the size of the loan had increased, the collateral backing it had become insufficient. Baker has failed to show how the Association's decision to call the loan, before the math error occurred, was anything other than good business judgment. More important, we agree with the district court that the key factor in deciding not to renegotiate the loan was the deficiency in secured collateral, which was unaffected by the math error.
 
 IV
 
 8
 We doubt a fiduciary relationship existed between the Association and the Bakers, but even if it did, we find that the Association did not breach any duties arising from it.
 
 
 9
 Under Montana law, a lender's relationship with a borrower may be a fiduciary relationship, but only under unusual circumstances. There must be a pattern of exclusive and repeated dealings with the lender. Pulse v. North Am. Land Title Co. of Montana, 707 P.2d 1105 (Mont.1985). The lender must have acted as a financial advisor to the borrower, in a capacity other than that common in a typical arms-length, lender-borrower relationship. Simmons v. Jenkins, 750 P.2d 1067, 1070 (Mont.1988).
 
 
 10
 The Montana Supreme Court recently rejected a similar contention of a fiduciary relationship in Coles Dept. Store v. First Bank N.A. Billings, 783 P.2d 932 (Mont.1989). The facts there parallel those presented here, and we find little to suggest a contrary holding here.
 
 
 11
 Like the lender in Coles, the Association had repeated dealings with its borrower, the Bakers, but its advice was limited. It warned the Bakers when it thought their credit situation was deteriorating. It tracked the value of the Bakers' collateral in relation to their debt. It refused the Bakers' request to borrow for the four-wheel-drive tractor, explaining that the Bakers had insufficient cash flow to support the loan.
 
 
 12
 The only advice that could be characterized as other than what would be expected in an ordinary debtor-creditor relationship is the information the Association provided the Bakers about the 760 acres for sale. Construing the facts most favorably to Baker, the Bakers' credit officer in 1976 told them of some local acreage for sale, after telling them that the Association had refused their tractor-loan request.
 
 
 13
 We need not decide whether this would establish a fiduciary relationship under Montana law, because we find that the Association did not violate any fiduciary duties that could have arisen. In Lachenmaier v. First Bank Systems, 803 P.2d 614 (Mont.1990), the court made clear that provided the lender refused additional credit for sound business reasons, any fiduciary duty is not violated. Id. at 619. Given the lack of collateral to support additional loans, the Association's refusal to extend more credit was justified.
 
 V
 
 14
 Baker suggests that the Association violated federal regulations in handling the Bakers' request for forbearance. The Farm Credit Act of 1971, as amended, 12 U.S.C. §§ 2001-2279aa-14, does not provide him the relief he seeks. There is no private right of action available under the Act or its successors. Harper v. Federal Land Bank, 878 F.2d 1172 (9th Cir.1989), cert. denied, 493 U.S. 1057 (1990).
 
 VI
 
 15
 We have considered Baker's other arguments and find them without merit.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3