**Jean L. RICHARDS,
Plaintiff–Appellant,**

v.

**Hal HARPER, Max Baucus, and Pat Williams, Defendants–Appellees.**

No. 87–4225.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 16, 1988.*

Decided Dec. 23, 1988.

Jean L. Richards, Corvalis, Mont., pro se.

Stanley T. Kaleczyc, Helena, Mont., for defendant-appellee Harper.

Michael Davidson, Morgan J. Frankel, Washington, D.C., for defendant-appellee Baucus.

Steven R. Ross, Michael L. Murray, U.S. House of Representatives, Washington, D.C., for defendant-appellee Williams.

Before GOODWIN, Chief Judge, WRIGHT and WALLACE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Jean Richards, appealing *pro se*, challenges the exercise of removal jurisdiction, the refusal to appoint counsel under 28 U.S.C. § 1915(d) (1982), summary judgment

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

in favor of two defendants and dismissal in favor of a third.

FACTS

Richards alleges that United States Senator Baucus, United States Representative Pat Williams, and Montana State Representative Hal Harper violated her civil rights through "obstruction of justice, defamation, harassment, misuse of public record, retaliation with government services, improper and illegal practices, and political activity." She holds them responsible for allegedly discriminatory practices of the United Methodist Church.

Defendants Baucus and Williams removed from state court to the United States District Court under 28 U.S.C. § 1442(a)(1) (1982). All three legislators moved to dismiss for failure to state a claim. Richards opposed removal, asserting that Harper never received process.

The judge found removal proper. Baucus and Williams qualified as "Officers of the United States" under 28 U.S.C. § 1442(a)(1) and "... any actions on [their] ... part ... were taken under color of federal office...." He determined that removal by Baucus and Williams established jurisdiction over the entire action, including Richards' claims against Harper. He also denied Richards' motion opposing removal for lack of service.

The court granted without prejudice the legislators' motions to dismiss because Richards' complaint was "devoid of specific factual allegations against any defendant."

Richards amended her complaint but failed to cure this basic defect. Baucus and Harper moved for dismissal or summary judgment. Williams moved for dismissal. The court denied Richards a court-appointed counsel, granted summary judgment to Baucus and Harper and dismissed the complaint against Williams. It held that "[a] constituent is not entitled to sue for damages simply because his or her representative fails to resolve a petition as the constituent wishes." Alternatively, it determined that qualified immunity shielded the legislators from liability. It concluded the action was "frivolous."

DISCUSSION

I. *Removal of the Claims Against Baucus and Williams*

We review removal jurisdiction *de novo. Swett v. Schenk*, 792 F.2d 1447, 1449 (9th Cir.1986).

A. *Officer of the United States*

■ Under 28 U.S.C. § 1442(a)(1) (1982): A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Baucus and Williams as officers of the United States may remove an action from state to federal court. *See Hill Parents Ass'n v. Giaimo*, 287 F.Supp. 98, 99 (D.Conn.1968) (member of Congress is an "Officer of the United States" under § 1442(a)(1)); *Preston v. Edmondson*, 263 F.Supp. 370, 372 (N.D.Okla.1967).

B. *Under Color of Office*

The claims against these defendants arose from their service as members of Congress. The statute allows removal for "... any act under color of such office...." *See* 28 U.S.C. § 1442(a)(1) (1982). They acted in their capacities as federal officers and they assert this as a defense. *See Saul v. Larsen*, 847 F.2d 573, 575 (9th Cir.1988); *Swett*, 792 F.2d at 1450.

We have some difficulty distilling the substance behind Richards' vague allegations. Nonetheless, her case appears to fall within the "color of office" test. Any claims outside this category were properly removed as pendent to the other claims. *See Murphy v. Kodz*, 351 F.2d 163, 166 (9th Cir.1965) (pendent jurisdiction where state

claim so related to federal claim that it represents same cause of action).

## II. *Removal of the Claims Against Harper*

■ Richards argues that lack of service on Harper made removal improper.

### A. *Section 1441(c) Removal*

28 U.S.C. § 1441(c) (1982) would permit removal of the claim against Harper if service had occurred. That section states:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

The claims against Baucus and Williams are separate and independent of those against Harper. *See Am. Fire & Casualty Co. v. Finn,* 341 U.S. 6, 13–14, 71 S.Ct. 534, 539–540, 95 L.Ed. 702 (1951) (claims not separate and independent where they originate from single wrong); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1197 (9th Cir.1988) ("separate wrongs"). Richards alleges harm by each legislator from separate acts or failures to act.

### B. *Lack of Service of Process*

Lack of service of process on Harper could present difficulty. He responds that 28 U.S.C. §§ 1447(a) and 1448 give the district court power to complete the service of process initiated in state court.[1]

Although § 1448 appears to support his argument our precedent holds otherwise. In *Beecher v. Wallace,* 381 F.2d 372, 373 (9th Cir.1967), we concluded that where the plaintiff has not served the defendant with process prior to removal, the district court has no power to complete the service. Rather, the court must issue new process pursuant to Fed.R.Civ.P. 4. *Id.*

Although the court did not issue new process, we agree with its determination that Harper waived the lack of service. After removal, federal rather than state law governs the course of the later proceedings. *Granny Goose Foods, Inc. v. Teamsters Local 70,* 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974); *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 144 n. 6 (9th Cir.1975). Harper made a general appearance, filed a responsive pleading without disputing personal jurisdiction, and does not question lack of service in his brief on appeal. He waived any defect in service. *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987); *Savarese,* 513 F.2d at 145. Removal of the Harper claim was proper.

## III. *Court–Appointed Counsel*

■ Richards disputes the court's refusal to appoint counsel. The court under 28 U.S.C. § 1915(d) may designate counsel to represent an indigent civil litigant. We review its denial for abuse of discretion.

Richards failed to demonstrate the exceptional circumstances necessary for appointment of counsel. A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits and the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir.1983).

---

1. 28 U.S.C. § 1447(a) (1982) states:
   "In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise."
   28 U.S.C. § 1448 (1982) states:
   "In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proved to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
   This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

Richards has demonstrated no likelihood of success on the merits. In fact, the court concluded that she brought a frivolous action. We affirm the denial of her motion.

### IV. *Dismissal of Williams*

■ The court dismissed Williams. Dismissal is appropriate only if Richards could prove no facts in support of her claim to entitle her to relief. *See Bergquist v. County of Cochise,* 806 F.2d 1364, 1367 (9th Cir.1986). We review *de novo. Id.*

Richards alleges vaguely that all defendants, including Williams, are somehow involved in the discriminatory selection of clergy by the Methodist Church. Although she alleges blacklisting, malfeasance, and retaliation with government services, she seems to complain that Williams failed to help her. She also alleges defamation.

Even under our liberal standard for evaluating the dismissal of a *pro se* action, the court concluded correctly that Richards' vague and conclusory allegations were insufficient. *See Mann v. City of Tucson, Dept. of Police,* 782 F.2d 790, 793 (9th Cir.1986) (charges beyond negligence were entirely conclusory and unsupported by facts alleged in complaint). In *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982), we dismissed a *pro se* civil rights complaint because it lacked specific factual allegations showing the defendants' participation in the alleged discriminatory practice. That occurred here. We do not supply essential elements of a claim that were not initially pleaded. *Soffer v. City of Costa Mesa,* 798 F.2d 361, 363 (9th Cir.1986); *Ivey,* 673 F.2d at 268.

Williams' failure to assist Richards was neither inappropriate nor actionable. *See McDonough v. Ney,* 599 F.Supp. at 683 (failure to intervene not actionable). The court concluded correctly that Richards could prove no set of facts to entitle her to relief.[2]

### V. *Summary Judgment of Claims for Defendants Baucus and Harper*

She also appeals the court's grant of summary judgment for Baucus and Harper. We review *de novo.*

These claims mirror those against Williams. She also alleges that Baucus planned with church authorities to remove her as a candidate for church office. She claims that he failed to control his employee, Fitzgerald, and that Fitzgerald harassed her in her attempts to gain employment, stabilize her housing, and obtain adequate response to her needs. She alleges that Harper joined in this harassment.

Baucus was unaware of the matters alleged. His only contact with her occurred when members of his staff attempted to assist her. He never dealt with her directly. Nor has Harper ever taken any action affecting her employment or placement activities.

The court appropriately granted summary judgment. Rule 56(e) requires going beyond the pleadings and by affidavits (or by depositions, answers to interrogatories, and admissions on file) designating specific facts showing a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265 (1986); *Coverdell v. Dep't of Social & Health Services,* 834 F.2d 758, 769 (9th Cir.1987). This Richards failed to do.

AFFIRMED.

■

---

**2.** The court also granted dismissal because of the qualified immunity available for government officials. *See Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) ("[G]overnment officials performing discretion-ary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). We agree with the court, but choose to rest our holding on the grounds discussed above.