949 F.2d 399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sean T. MORIN, Plaintiff-Appellant,
v.
G. HARVEY, et al., Defendant-Appellee.
 No. 90-35745.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Dec. 4, 1991.
 
 Appeal from the United States District Court for the Western District of Washington (Tacoma), No. CV-89-0322-JET; Jack E. Tanner, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Morin appeals from an order of the district court granting summary judgment to various Washington state employees and officials (officers) of the Washington Corrections Center. The district court had jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Morin alleges that he was subjected to cruel and unusual punishment because two psychotic inmates were intentionally put in his cell. We review the district court's order granting summary judgment de novo. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir.1986).
 
 
 3
 To violate this constitutional proscription, the punishment must be incompatible with "evolving standards of decency that mark the progress of a maturing society, ... or must involve unnecessary or wanton pain disproportionate to the severity of the crime." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en banc) (citations omitted), cert. denied, 478 U.S. 1020 (1986).
 
 
 4
 In support of their motion for summary judgment, the officers submitted the affidavit of Harvey which stated that Morin was temporarily housed with two mentally disturbed inmates during the renovation of Morin's housing unit. She further testified that although these cell-mates had mental health problems, they were not considered dangerous.
 
 
 5
 Morin does not allege that he was threatened or injured by these cell-mates. His only claim for damages arises from a loss of sleep and mental anguish resulting from his fear for his safety. Morin submitted his own affidavit and the affidavit of inmate Edwards recounting prior instances of disturbed behavior by Morin's temporary cell-mates.
 
 
 6
 Upon review of the record, it is evident that the district court did not err because no genuine issue of material fact was in dispute. Although the assertions contained in Morin's and Edwards's affidavits differ in some respects from statements in Harvey's affidavit, these conflicts were immaterial to the motion for summary judgment. Morin's allegations, even if accepted as true, do not rise to the level of a constitutional violation. Although his cell-mates had mental problems, Morin did not allege that he was threatened or injured. At best, the affidavits support Morin's subjective belief that his personal safety was in danger, not that any actual danger existed. Summary judgment for the officers was therefore appropriate.
 
 
 7
 Morin next argues that he was not apprised of the need to submit a written opposition and affidavits in response to the officers' motion for summary judgment in violation of the rule set forth in Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). However, the record reflects that on August 6, 1990, Magistrate Burgess, in a report and recommendation to the district court, cautioned Morin that he must submit evidence rebutting the officers' evidence in order to defeat the motion. Apparently, in response, Morin subsequently submitted two affidavits, belying his claim that he was not informed of the Rule 56 standard.
 
 
 8
 Morin also argues that the officers' attorney agreed, but then failed, to produce certain requested documents. In opposition to the magistrate's report and recommendation to the district court, Morin complained to the district court that his request for discovery had not been met. The officers contend that Morin never filed a motion to compel the production of documents and that he also failed to state what information he was seeking and why it would preclude summary judgment.
 
 
 9
 With respect to the first argument, the district court has a duty to construe liberally allegations of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). Morin's allegations pertaining to the breach of the officers' agreement to produce documents could reasonably be construed as a motion to compel discovery.
 
 
 10
 Morin did not, however, state what evidence he expected to find and how it would affect the court's decision to grant summary judgment. Morin is required to show how proposed discovery would preclude summary judgment. Hall v. Hawaii, 791 F.2d 759, 761 (1986). In addition, the district court was correct that the case was appropriate for summary disposition in light of the fact that Morin's own affidavits did not sufficiently rebut the Harvey affidavit to raise a genuine issue of material fact.
 
 
 11
 Finally, Morin argues that the district court erred when it denied his request for appointed counsel. The court, under 28 U.S.C. § 1915(d), may designate counsel to represent an indigent civil litigant. We review its denial for abuse of discretion. Richards v. Harper, 864 F.2d 85, 87 (9th Cir.1988).
 
 
 12
 Morin has not shown that exceptional circumstances necessitated appointment of counsel. A finding of exceptional circumstances requires a showing of both "the likelihood of success on the merits and the ability of the petitioner to articulate claims pro se in light of the complexity of the legal issue involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). On the record before us, we cannot conclude that the district court abused its discretion in denying Morin's motion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4