952 F.2d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert D. FREEMAN, Appellant,
v.
STATE of Idaho, Appellee.
 No. 90-35511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1991.*
Decided Dec. 17, 1991.
 
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Freeman appeals pro se from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that (1) he was denied due process when the judge who presided over his plea hearing did not recuse himself from Freeman's postconviction hearing, (2) he should have been allowed to cross-examine that judge at the later hearing, (3) he should have been appointed counsel for his habeas petition, and (4) he did not knowingly and voluntarily plead guilty. We review de novo the district court's denial of the habeas petition and examine for clear error its factual findings supporting that denial, see Bianchi v. Blodgett, 925 F.2d 305, 308 (CA9 1991), and we affirm.
 
 
 3
 With respect to Freeman's first argument, we note that, in the absence of a showing of judicial bias, it is both logical and practical that the judge most familiar with the facts of a case be the one to review any subsequent challenges thereto. Thus, it is customary following appeal to remand a case to the same judge who originally handled it, United States v. Arnett, 628 F.2d 1162, 1165 & n. 5 (CA9 1979), and judges often are called upon to reconsider their own prior rulings without having to recuse themselves. See, e.g., Oen Yin-Choy v. Robinson, 858 F.2d 1400, 1408 (CA9 1988), cert. denied, 490 U.S. 1106, reh. denied, 492 U.S. 927 (1989). Indeed, Rule 35 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255 would be virtually unworkable under any other scenario.
 
 
 4
 Here, there were no unusual circumstances requiring a new judge to handle Freeman's postconviction hearing. Cf. United States v. Bagley, 837 F.2d 371, 376 (CA9) (resentencing), cert. denied, 488 U.S. 924 (1988). Whatever the reasons for the judge's failure at the plea hearing to ask Freeman whether he was under the influence of any medication, the judge accepted the possibility that there might be some merit to Freeman's later contention on this point and conducted an evidentiary hearing where both Freeman and the state presented evidence thereon. The fact that the judge's denial of relief was based in part on his observations of Freeman at the plea hearing does not, without more, indicate extrajudicial bias.
 
 
 5
 We reject Freeman's second claim of error for the same reason. By relying on his prior observations, the trial judge was not testifying against Freeman but merely evaluating the totality of the evidence regarding Freeman's competence to plead guilty. Since the judge was not acting as a witness, we find no merit to Freeman's claim--unsupported by any citation to relevant authority--that he had a right to cross-examine him.
 
 
 6
 As for Freeman's third argument, he demonstrated neither a likelihood of success on the merits nor a degree of complexity with the issues in his habeas petition sufficient to justify an appointment of counsel. See Richard v. Harper, 864 F.2d 85, 87-88 (CA9 1988). Accordingly, we find no abuse of the district court's discretion in denying the motion for appointed counsel. See id. at 87.
 
 
 7
 Freeman's final claim, viz., that he was incompetent to plead guilty, raises an issue that was not first presented to the district court. In the absence of a record upon which to review the merits of this contention, we decline to consider it for the first time on appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per FRAP 34(a) and CA9 Rule 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by CA9 Rule 36-3