977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronnie DANSBY, Plaintiff-Appellant,
v.
UNITED STATES of America, President, Secretary of the
Defense, Secretary of the Navy, et al; The State of
Georgia, Governor, et al.; The State of California,
Governor, et al.; The State of Oregon, Governor, et al.,
Defendants-Appellees.
 No. 91-36292.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 20, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronnie Dansby, an Oregon state prisoner, appeals pro se the dismissal of his action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleging violation of his constitutional rights in connection with his service in the United States Marine Corps and criminal proceedings in Georgia, California, and Oregon. Dansby contends that the district court erred by dismissing the action based on the sovereign immunity of the United States, expiration of the applicable statutes of limitations, and Dansby's failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir.1991), and we affirm.
 
 
 3
 In his complaint Dansby alleged that the United States, the President, the Secretary of Defense, and the Secretary of the Navy violated his constitutional rights in connection with (1) racial violence and discrimination during his service in the Marine Corps in North Carolina in 1969 and (2) his discharge from the Marine Corps in California in 1983. He also alleged that the Governor of Georgia violated his constitutional rights in connection with his armed robbery conviction in 1971; the Governor of California violated his constitutional rights in connection with criminal proceedings in 1981; and the Governor of Oregon violated his constitutional rights in connection with criminal proceedings in 1989 and 1990.
 
 
 4
 The appropriate statute of limitations for 42 U.S.C. § 1983 actions is determined by looking to the appropriate state's statute of limitations for personal injuries. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Van Strum v. Lawn, 940 F.2d 406, 408 (9th Cir.1991). Plaintiffs alleging pre-Wilson violations and filing their complaints after Wilson must file either within the time limit that would have applied before Wilson or, counting from the date of Wilson, within the time limit set by the state personal injury statute of limitations, whichever comes first. Van Strum, 940 F.2d at 411. In North Carolina, both the pre- and the post-Wilson statutes of limitations are three years. National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir.1991), cert. denied, 112 S.Ct. 1997 (1992). In Georgia, the pre-Wilson statute of limitations is four years, and the post-Wilson statute is two years. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir.1986). In California, the pre-Wilson statute of limitations is three years, and the post-Wilson statute is one year. Azul-Pacifico, Inc. v. City of Los Angeles, Nos. 90-55853 & 90-56066, slip op. 8753, 8754 (9th Cir. July 23, 1992) (order granting petition for rehearing). In Oregon, the pre-Wilson statute of limitations is ten years, and the post-Wilson statute is two years. Van Strum, 940 F.2d at 411.
 
 
 5
 Here, Dansby filed his complaint on April 4, 1991. Accordingly, all of his claims except his claims against the State of Oregon and the Governor of Oregon are barred by the applicable statutes of limitations. See Wilson, 471 U.S. at 266-67; Van Strum, 940 F.2d at 411.
 
 
 6
 The State of Oregon is not a "person" subject to liability under 42 U.S.C. § 1983. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, there is no respondeat superior liability under section 1983; a supervisor will be found liable only if he "participated in or directed the [constitutional] violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Vague and conclusory allegations of official participation in violations are insufficient to withstand a motion to dismiss. Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988).
 
 
 7
 Here, Dansby made no allegation of the Oregon Governor's personal participation in any constitutional violations. Accordingly, the district court did not err by dismissing Dansby's claims regarding the Oregon criminal proceedings. See Taylor, 880 F.2d at 1045; Richards, 864 F.2d at 88.
 
 
 8
 A writ of habeas corpus is the exclusive federal remedy for challenging the length of a state prison sentence; therefore, a section 1983 action seeking damages based on the length of a sentence must be stayed pending disposition of habeas proceedings. Young v. Kenny, 907 F.2d 874, 876-77 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Because Dansby's section 1983 claims are barred by the statutes of limitations and the eleventh amendment or meritless, however, the district court did not err by dismissing them outright.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3