978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Rossell ADMIRAL, Plaintiff/Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS; James McFadden, Warden;
Officer Long, #4728; Officer Federico, #3285, et
al. Defendants/Appellees.
 No. 92-15487.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 25, 1992.*
Decided Oct. 29, 1992.
 
 1
 Before CHOY, SNEED and SKOPIL, JJ.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose L. Admiral Rossell (Admiral), an Arizona state prisoner, appeals pro se the district court's order dismissing his 42 U.S.C. § 1983 civil rights action. We affirm.
 
 
 4
 On September 9, 1991 Admiral filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Arizona. He alleged that he had been subjected to cruel and unusual punishment by being placed in segregation without hygiene supplies and his legal materials. He named as defendants, James McFadden, the prison's warden and seven other officers. He alleged that the seven officers were informed of his situation. He made no specific allegations that the warden or any of the seven officers had directly or personally participated in the acts of which he complained.
 
 
 5
 On December 10, 1991 the district court dismissed the complaint with leave to amend within thirty days because Admiral had failed to allege that any of the named defendants directly participated in the acts of which he complained. Admiral was directed to amend his complaint to specifically name as defendants those individuals who directly participated in the acts alleged.
 
 
 6
 On January 6, 1992 Admiral filed an amended complaint. In his amended complaint he alleged that the named defendant, McFadden was "responsible" for the circumstances giving rise to his claim. In addition, he alleged that several officers were aware of the circumstances giving rise to his claim. He specifically stated that neither the warden, as named defendant, nor the other seven officers, now listed as witnesses rather than defendants, had directly or personally participated in the events of which he complained.
 
 
 7
 On February 11, 1992 the district court entered an order dismissing Admiral's amended complaint because it failed to allege an affirmative link between the named defendants' conduct and Admiral's alleged constitutional deprivation. Admiral timely appeals.
 
 
 8
 Liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991); Taylor, 880 F.2d at 1045. There is no respondeat superior liability under 42 U.S.C. § 1983. Taylor, 880 F.2d at 1045.
 
 
 9
 "[A]llegations of a pro se complaint, however inartfully pleaded, should be held to less stringent standards than formal pleadings drafted by lawyers." Jones v. Community Redevelopment Agency of Los Angeles, 733 F.2d 646, 649 (9th Cir.1984). However, vague and conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss. Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988).
 
 
 10
 Here, the district court dismissed Admiral's original complaint as vague and conclusory with leave to amend. The court instructed Admiral "to amend his Complaint in order to state specific allegations against proper defendant(s), to name as defendant(s) the individual(s) who participated in the activities alleged in his Complaint, and to state what injury, if any, he had suffered as a result of the activities of the defendant(s)."
 
 
 11
 Despite the district court's detailed instructions, Admiral's amended complaint again failed to establish a nexus between the named defendants' conduct and the alleged constitutional injury. In his amended complaint he offered the names of seven officers as witnesses to his living conditions, but did not name them as defendants, nor did he allege that any of them directly participated in the events of which he complained.
 
 
 12
 Admiral named James P. McFadden, Deputy Warden ASPC/Florence, as a defendant. However, he did not allege that McFadden had directly participated in the alleged constitutional injury, or that McFadden was aware of the circumstances and failed to correct them.
 
 
 13
 Admiral's allegations that McFadden was "responsible" for the conditions under which he was segregated are not supported by reference to any specific actions, practices or policies of the prison official. See Richards, 864 F.2d at 88. Therefore, the court properly dismissed his amended complaint for failure to state a claim.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This case is suitable for submission without oral argument because the legal standard is established and the result is clear. See Ninth Circuit Rule 34-4 and Fed.R.App.P. (34)(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3