985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph MCINERNEY, Plaintiff-Appellant,
v.
David RICHMAN, M.D., et al., Defendants-Appellees.
 No. 92-16244.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph McInerney appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action prior to service of process.[1] McInerney appears to contend that the district court erred by: (1) dismissing his complaint prior to service of process; and (2) failing to give him notice of the deficiencies of his complaint and an opportunity to amend it.[2] McInerney claims that his psychiatrists and their attorneys conspired to invade his privacy by disclosing and publishing his medical records to the public. The district court dismissed the complaint for lack of jurisdiction because: (1) there was no diversity of citizenship and (2) there was no federal question. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the existence of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Stock West, Inc. v. Confederate Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989).
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed. Lopez v. Dep't of Health Services, 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam). Moreover, a pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 To state a claim under section 1983, a plaintiff must allege: (1) the violation of a right secured by the constitution; and (2) that the alleged deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, McInerney alleges that his former private psychiatrists and their attorneys conspired to invade his privacy by disclosing confidential information to the public.
 
 
 6
 While his psychiatrists may have breached the doctor-patient privilege or committed the tort of defamation, this claim does not rise to the level of a constitutional deprivation. Because the psychiatrists and their attorneys are not "state actors," McInerney fails the second prong of the section 1983 test as well. Therefore, the district court properly dismissed his complaint prior to service of process. See id.
 
 
 7
 McInerney also contends that the district erred by dismissing his complaint without giving him notice and an opportunity to amend his complaint prior to dismissal. "The law is clear that before a district court may dismiss a pro se complaint for failure to state a claim, the court must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992).
 
 
 8
 Nevertheless, there is a limited exception to the "notice" requirement. When it is absolutely clear that the deficiencies in a complaint cannot be overcome by amendment, the opportunity to amend need not be given prior to dismissal. See id.
 
 
 9
 District courts have jurisdiction in civil actions where there is complete diversity of citizenship among parties. 28 U.S.C. § 1332; see also Teledyne v. Kone Corp., 892 F.2d 1404, 1408 (9th Cir.1990). Here, at least one of the defendants and McInerney were residents of the State of California.[3]
 
 
 10
 The district court dismissed McInerney's complaint for lack of jurisdiction. In order to cure the "deficiencies" in his complaint, McInerney would have to "create" diversity jurisdiction. In addition, he would have to make his private psychiatrists "state actors" in order to state a federal question.
 
 
 11
 Therefore, the district court properly dismissed the complaint for lack of jurisdiction without leave to amend.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe the district court's dismissal before issuance and service of process as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)
 
 
 [2]
 McInerney also appears to contend that District Court Judges Jensen and Vukasin and Alameda Superior Court Judge Sutter are biased against in forma pauperis litigants and conspired to deprive him and others of "the equal protection of the laws." This contention is meritless
 In civil rights actions, allegations of a pro se complaint, however inartfully pleaded, should be liberally construed. Lopez v. Dep't of Health Serv., 939 F.2d 881, 882-83 (9th Cir.1991) (per curiam). Vague and conclusory allegations of official participation in civil rights violations, however, are insufficient to withstand a motion to dismiss. Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988).
 Here, McInerney merely alleges a conspiracy among the three judges to deprive in forma pauperis litigants of the equal protection. He also alleges that Judge Jensen sought "to protect and conceal and sleazy, incompetent and unethical mis-behavior of the judges in Alameda Superior Court particularly John Sutter and covering up for them and dismissing the action on that basis (sic)." He fails to present any specific facts to support his allegations.
 Moreover, McInerney's claim against the judges is barred by absolute immunity. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (judges absolutely immune for judicial acts taken within the jurisdiction of their courts).
 
 
 [3]
 In his complaint, McInerney alleges that all of the defendants are residents of the State of California. In his motion for reconsideration, he alleges that one of the defendants is now a resident of North Carolina. Regardless of the residence of one of the defendants, the remaining defendants are residents of the State of California. Therefore, complete diversity of citizenship does not exist