995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney C. PHELPS, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE, CO., INC., Defendant-Appellee.
 No. 92-16299.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * BACKGROUND
 
 
 3
 Appellant R.C. Phelps (Phelps) appeals pro se the dismissal of his complaint against Lockheed Missiles & Space Co., Inc. (Lockheed) in which he alleged that in terminating his employment Lockheed committed "prejudice, disclosure, blackmail, malpractice, fraud, and conspiracy with the intent to launch a failed satellite." Phelps has filed three other incoherent complaints against Lockheed, each of which were dismissed with prejudice after Phelps was permitted leave to amend.
 
 
 4
 The district court granted Lockheed's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim for relief pursuant to Rule 12(b)(6). Although the district court denied Lockheed's motion for sanctions in the form of an injunction to prevent Phelps from filing future actions against Lockheed, it did enjoin Phelps from filing an action without pre-filing review by a district court judge.
 
 
 5
 Phelps argues that the district court erred in dismissing his complaint. We disagree and affirm.
 
 II
 DISCUSSION
 A. Motion to Dismiss
 1. Failure to State Claim
 
 6
 We review de novo the dismissal of a complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Dismissal of Phelps' complaint is only appropriate if he could prove no facts in support of his claim which would entitle him to relief. Richards v. Harper, 864 F.2d 85, 88 (9th Cir.1988).
 
 
 7
 Vague and conclusory allegations are insufficient to withstand a motion to dismiss. Id.; Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982) (dismissed pro se civil rights complaint because it lacked factual specificity). "We do not supply essential elements of a claim that were not initially pleaded." Richards, 864 F.2d at 88.
 
 
 8
 In this case, Phelps' complaint states only vague and conclusory allegations. It is difficult to ascertain from his complaint both the exact nature of his action and the federal jurisdiction upon which it is based. Furthermore, the complaint fails to allege sufficient facts in support of his claims. Even under our liberal standard for evaluating the dismissal of a pro se action, we affirm the district court's dismissal because Phelps' vague and conclusory allegations are insufficient to support his claims. See id.
 
 2. Lack of Subject Matter Jurisdiction
 
 9
 Moreover, because the complaint is incoherent, it is impossible to determine the federal nature of Phelps' complaint. Again, his allegations in that regard are conclusory and fail to establish federal jurisdiction. Hence, the district court properly dismissed the complaint for lack of subject matter jurisdiction.
 
 
 10
 Finally, because leave to amend the complaint would have been futile, the district court was proper in not granting leave to amend. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.), modified on other grounds, 856 F.2d 111 (1988).
 
 B. Pre-Filing Review
 
 11
 We review for abuse of discretion the district court's order precluding frivolous filings. De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir.), cert. denied, 498 U.S. 1001 (1990).
 
 
 12
 An order imposing pre-filing review against a pro se litigant must meet the following four requirements: (1) the party must have had adequate notice and opportunity to oppose the order; (2) there must be an adequate record for review, including a list of all cases and motions which led the court to conclude a vexatious litigant order was necessary; (3) the court must make a substantive finding as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored to fit the particular problem involved. Id. at 1147-48.
 
 
 13
 In this case, the order drafted by the district court meets all four requirements. First, Phelps was given notice of the defendant's motion for an injunction and he had an adequate opportunity to oppose it when the district informed him of the pre-filing order it intended to impose. Second, the record adequately indicates Phelps' numerous actions and their abusive nature.[1] See De Long, 912 F.2d at 1147 (record need only show in some manner that litigant's activities were numerous or abusive). Third, all of Phelps' previous actions have been frivolous and incomprehensible. Finally, the district court's pre-filing review order was narrowly tailored to meet the specific problem this case presents. Not only does it prevent Phelps from filing subsequent meritless actions and yet still allow him the opportunity to file a case with merit, it relieves Lockheed from the burden of defending frivolous and incoherent claims.
 
 
 14
 Therefore, because we find that the district court did not abuse its discretion when it enjoined Phelps from filing future actions against Lockheed without pre-filing review by a district court judge, we affirm its order.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3-4. Accordingly, Phelps' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition to the present case, Phelps has previously filed the following cases against Lockheed: (1) Phelps v. Lockheed, No. C-91-20390 JW (PVT) (N.D.Cal. Sept. 11, 1991); (2) Phelps v. Lockheed, No. C-91-20388 JW (PVT) (N.D.Cal. Sept. 11, 1991); and (3) Phelps v. Lockheed, No. C-91-20389 WAI (EAI) (N.D.Cal. Oct. 28, 1991)
 Phelps appealed the dismissal of his third suit, No. C-91-20389, and we affirmed that dismissal in a memorandum disposition, Phelps v. Lockheed, No. 91-16812 (9th Cir.1992).