43 F.3d 1478
 75 A.F.T.R.2d 95-306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary O. ARMSTRONG, Plaintiff-Appellant,
v.
Annette BUTTS; Gary Green; Michael Quinn; G. Turner,
Defendants-Appellees.
 No. 93-56665.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary O. Armstrong appeals pro se the district court's order dismissing his complaint for lack of subject matter jurisdiction. Armstrong contends that the Internal Revenue Service ("IRS") has illegally collected his taxes since 1947. He seeks damages and to enjoin various IRS officials from the continued collection of his income taxes. We review de novo the district court's dismissal on jurisdictional grounds. Jensen v. IRS, 835 F.2d 196, 198 (9th Cir.1987). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 First, Armstrong's claim for injunctive relief against the IRS is barred by the Anti-Injunction act ("Act"), 26 U.S.C. Sec. 7421. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 313 (9th Cir.1982). Although there are several exceptions to the Act, see id., none of them apply here.
 
 
 4
 Second, to the extent that Armstrong's complaint seeks recovery of amounts already collected by the IRS, his claims are barred by sovereign immunity. See Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Because Armstrong has not alleged that he has filed an administrative claim for a refund, the district court was without jurisdiction to consider this claim. Id.
 
 
 5
 Third, Armstrong's contention that he is not a taxpayer subject to the Internal Revenue laws is frivolous and similar contentions have been previously rejected by this court. See United States v. Romero, 640 F.2d 1014, 1016 (9th Cir.1981) (rejecting argument that appellant is not "person" under the Internal Revenue Code).
 
 
 6
 Finally, Armstrong's claim against the individual IRS officers under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) lacks merit. "[W]e have never recognized a constitutional violation arising from the collection of taxes. Moreover, ... the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under Bivens in this situation." Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990) (dismissing claim against IRS agents "based upon allegedly fraudulent and intimidating conduct" in garnishing plaintiff's paychecks), cert. denied, 498 U.S. 1096 (1991).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Armstrong's contention that the district court erred by not remanding his action to state court lacks merit. See 28 U.S.C. Sec. 1442(a)(1); Richards v. Harper, 864 F.2d 85, 86 (9th Cir.1988)