46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald D. BAKER, Plaintiff-Appellant,
v.
FEDERAL LAND BANK OF SPOKANE, aka Interstate Federal Land
Bank, aka Northwest Farm Credit Services; Interstate
Production Credit Association, aka Northwest Farm Credit
Services; Farm Credit Bank of Spokane, a Federal
corporation; Kevin C. Meek, Attorney for Northwest Farm
Credit Services; Andrea D. Baker, aka Andrea G. Baker;
United States of America, acting through the Small Business
Administration, Defendants-Appellees.
 No. 93-35321.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 9, 1995.*
Decided: Jan. 19, 1995.
 
 1
 Before: ALARCON and BRUNETTI, Circuit Judges, and KELLEHER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ronald D. Baker (Baker) appeals pro se the district court's dismissal of his action alleging wrongful conduct by several defendants in connection with the foreclosure on his farm. The district court dismissed Baker's action pursuant to Fed. R. Civ. P. (Rule) 12(b)(6) for failure to state a claim upon which relief can be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 4
 Baker was a farmer indebted to various entities, including the Interstate Production Credit Association (IPCA), the Federal Land Bank of Spokane (FLB), the Small Business Administration, and the Federal Intermediate Bank of Spokane. In 1988, IPCA foreclosed on Baker's property in federal district court. Baker counterclaimed, alleging eighteen separate claims against the IPCA for negligence, misrepresentation, breach of fiduciary duty, and breach of implied covenant of good faith and fair dealing. On December 3, 1990, the district court entered summary judgment in favor of the defendants on both IPCA's claims and Baker's counterclaims. Interstate Prod. Credit Ass'n v. Baker, No. CV-88-109-GF (D. Mt. Dec. 3, 1990) (unpublished memorandum and order). On appeal, this court affirmed the district court's judgment. Interstate Prod. Credit Ass'n v. Baker, No. 91-35226, 1992 WL 125375 (9th Cir. June 8, 1992).
 
 
 5
 On February 27, 1992, Baker filed this action, naming as defendants all parties to the original action[1] and the attorney for Northwest, Kevin C. Meek (Meek). Like Baker's original counterclaims, Baker's complaint again related to events surrounding foreclosure on his farm. The district court dismissed Baker's complaint under Fed. R. Civ. P. 12(b)(6), stating that the complaint was "void of any factual allegation which, if proven true, would serve as a factual predicate for any claim for affirmative relief."
 
 II.
 
 6
 We review dismissal under Rule 12(b)(6) de novo. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S. Ct. 655, and cert. denied sub nom. 113 S. Ct. 656 (1992).
 
 
 7
 Dismissal of Baker's complaint is appropriate if he could prove no facts in support of his claim that would entitle him to relief. Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988). Although we afford pro se parties such as Baker great latitude when construing their claims, this liberality has limits. "We do not supply essential elements of a claim that were not initially pleaded." Id.
 
 
 8
 In this case, Baker's complaint rests only on subjective charaterizations, general statements of law, and unsubstantiated legal conclusions--none of which are sufficient to state a claim. Claims one through four apparently deal with obligations owed by the Small Business Administration, Northwest, and FCB to Baker as a farm borrower. We have previously held that the Agricultural Credit Act of 1987 does not create any implied right of action. Harper v. Federal Land Bank of Spokane, 878 F.2d 1172, 1177-78 (9th Cir. 1989), cert. denied 493 U.S. 1057 (1990).
 
 
 9
 Additionally, Sec. 1983 does not provide a cause of action to remedy the violations alleged by Baker. The IPCA and the FBC are not state actors. See id. at 1178. In the absence of any allegation that they were acting under color of state law, their alleged wrongful conduct is not sufficient to constitute a violation of Sec. 1983. See id. With respect to the United States, which Baker named as a defendant because of Small Business Administration's interest in the mortgaged property, Baker has not alleged any wrongdoing.
 
 
 10
 Finally, Baker's claims against the institutional defendants do not allege facts sufficient to give rise to any state-law claims. See generally, Coles Dept. Store v. First Bank, 783 P.2d 932 (Mont. 1989) (describing requirements under Montana law for breach of fiduciary duty, fraud, and breach of statutory and common-law duties of good faith and fair dealing). Thus, no theory exists under which these claims could state a cause of action.
 
 
 11
 Baker's fifth and sixth causes of action against individual defendants Meek and Andrea Baker suffer similar deficiencies. In his fifth cause of action, Baker alleges that he sustained damages as a result of Meek's negligent handling of the settlement negotiations. Meek owed no duty to Baker and under these circumstances cannot be liable to Baker even if his actions constituted professional negligence. See Oar Lock Land & Cattle v. Crowley, et al., 833 P.2d 146, 148 (Mont. 1992) (requiring plaintiff prove attorney-client relationship existed in order to maintain legal malpractice action). Additionally, Meek's alleged threats to defeat Baker in legal proceedings are not actionable under any legal theory alleged by Baker or known to this Court. As with his first four causes of action, even under our liberal standard for evaluating pro se complaints, Baker's fifth cause of action fails because the law does not recognize the nature of the claims made in it. See Richards, 864 F.2d at 88.
 
 
 12
 Baker's sixth cause of action makes only vague and conclusory allegations that Andrea Baker conspired with the Northwest and FCB to deprive him of his home. Such conclusory allegations are not sufficient to satisfy the requirements of Rule 8(a)(4). See id.
 
 
 13
 While the circumstances that have befallen Baker are unfortunate, his plight does not give rise to any cognizable legal claims. Accordingly, we find that the district court properly dismissed Baker's complaint.
 
 III.
 
 14
 Northwest and FCB request sanctions against Mr. Baker for filing a frivolous appeal under Fed. R. App. P. 38. Baker's claims are without merit and our previous review of his counterclaims should have put him on notice of such. Although we are reluctant award sanctions against pro se litigants, sanctions are appropriate even against pro se parties when they file the same claims repeatedly. Wilcox v. C.I.R., 848 F.2d 1007, 1009 (9th Cir. 1988).
 
 
 15
 Accordingly, the district court's dismissal of Baker's claims is AFFIRMED, and Appellees are GRANTED sanctions in the amount of $1,000.00.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 Although Baker allegations refer to IPCA, the FLB, the Farm Credit Bank of Spokane, the Interstate Federal Land Bank, and Northwest Farm Credit Services ("Northwest"), IPCA and IFLB have merged to become Northwest. In addition, FLB merged with another bank not named in the complaint to form FCB. Consequently, this opinion refers to the banking defendants as Northwest and FCB