**Llewellyn K. WAILEHUA, Jr.,**
**Plaintiff–Appellant,**

v.

**Kathleen Hawy SAWYER; et al.,**
**Defendants–Appellees.**

No. 01–57148.

D.C. No. CV–01–04621–TJH.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 18, 2002.*

Decided Nov. 27, 2002.

Before REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Llewellyn Wailehua, a California state prisoner, appeals pro se the district court's

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

denial of Wailehua's motion for reconsideration of an order denying his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, *Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993), and we vacate in part and remand.

The district court found that two of the three plaintiffs failed to show indigency, but it did not specify whether Wailehua was among them. Wailehua's sworn declaration indicates he has no assets, he had only $41.62 in his prison trust account at the time of filing in the district court, and his prison trust account balance was well below the $120.00 filing fee for approximately one year prior to the filing. We conclude that Wailehua's in forma pauperis application and supporting declaration were sufficient to meet the indigency standard set forth in 28 U.S.C. § 1915(a). *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir.1981) (per curiam).

The district court's alternative reasons for denying Wailehua's application to proceed in forma pauperis application are similarly unsupported. First, exhaustion of administrative remedies is not a pleading requirement. *See Wyatt v. Terhune*, 305 F.3d 1033, 1045 (9th Cir.2002). Second, although Wailehua may not represent other inmates, he may represent himself. *See Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir.1995) (non-attorney party may not represent other plaintiffs). Finally, although Wailehua did not sign the complaint, he offered to cure the defect. *See Price v. United States*, 39 F.3d 1011, 1015 (9th Cir.1994).

Accordingly, we vacate the district court's order denying in forma pauperis

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

status to Wailehua, and remand for further proceedings.

The district court did not abuse its discretion in denying appointment of counsel because Wailehua failed to demonstrate the exceptional circumstances. *See Richards v. Harper*, 864 F.2d 85, 87–88 (9th Cir.1988).

**VACATED in part and REMANDED.**