**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2014



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 12-15727 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00156-KJM-CKD |
| v. | |
| L. ELLIS; D. LORUSSO; T. PARKS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted August 12, 2014**
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Barry Lamon ("Lamon"), a California inmate, appeals from the entry of judgment against him in this action brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      Lamon appeals from the district court's dismissal of his initial complaint and its imposition of a page limit on the amended complaint. Reviewing for an abuse of discretion, *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996), we affirm. The district court's page limitation was consistent with Federal Rule of Civil Procedure 8(a)(2). *See id.* at 1178.

2.      To the extent Lamon appeals from the dismissal of claims alleged in the initial complaint but not repleaded in the amended complaint, Lamon "effectively abandoned" any such claims below and thus did not preserve them properly for appeal. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 973 n.14, 974 n.15 (9th Cir. 2013).

3.      Because Lamon failed to present in his opening appellate brief cogent, specific, and distinct arguments against the district court's December 11, 2007, screening order dismissing various claims and defendants from this action, he has waived his right to appeal from that order. *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012); *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

4.      Lamon appeals from the district court's denial of his motions for pre-trial counsel. Reviewing for an abuse of discretion, *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988), we affirm. Lamon did not demonstrate the "exceptional

circumstances" necessary for the appointment of pre-trial counsel under 28 U.S.C. § 1915(e)(1). *See id.*

5.      Lamon appeals from the district court's denial of his motions to relate this case to other cases brought by Lamon in the Eastern District of California. We assume, without deciding, that we review for an abuse of discretion. *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997), *rev'd on other grounds*, 525 U.S. 432 (1999). According "broad deference," *id.*, to the district court, we affirm because Lamon failed to articulate a permissible basis on which the district court could reassign this case under its local rules.

6.      Lamon appeals from various discovery orders. Reviewing for an abuse of discretion, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), we affirm. The district court, which granted several of Lamon's motions to compel in whole or in part, managed the discovery process fairly. Moreover, Lamon has not shown that the district court's management of discovery "result[ed] in actual and substantial prejudice." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal quotation marks and citations omitted).

7.      Lamon appeals from the district court's denial of his motion to amend the pleadings after the close of discovery. Reviewing for an abuse of discretion, *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), we affirm. The district court

3

reasonably weighed the *Johnson* factors, *id.*, noting that Lamon's second motion to amend would cause undue delay and unnecessary prejudice to the proposed defendants.

8. Lamon appeals from the district court's denial of his motions seeking Judge Mueller's recusal. Reviewing for an abuse of discretion, *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008), we affirm. Judge Mueller's continuation with this case neither prejudiced Lamon nor raised Article III concerns. *See Dawson v. Marshall*, 561 F.3d 930, 933–34 (9th Cir. 2009) (holding the assignment of a district judge to a case on which he had previously worked as a magistrate judge "violated no law and denied [the appellant] no right"). Lamon's remaining arguments in favor of recusal lack merit.

9. Reviewing for an abuse of discretion, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988), we summarily affirm the district court's order striking Lamon's September 2011 motion for reconsideration and associated filings.

10. Lamon appeals the summary judgment grant in favor of Walker on the retaliation claim. Reviewing de novo, *Zeinali v. Raytheon Co.*, 636 F.3d 544, 547 (9th Cir. 2011), we affirm, because Lamon has submitted no competent evidence tending to support his assertion that Walker acted "because of" Lamon's previous attempts to

litigate against prison officials. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004).

11.     We summarily affirm the summary judgment grant in favor of Ellis, Parks, and Lorusso. *W. Radio Servs. Co.*, 678 F.3d at 979 (appellate court will not consider arguments not presented distinctly on appeal).

12.     Lamon appeals the summary judgment grant in favor of Downing, Johnson, Paizi, and Moghaddas. Reviewing de novo, we affirm. Because Lamon's housing classification was discretionary and otherwise comported with California's procedural safeguards, Defendants did not violate Lamon's due process rights when they obtained his informed consent to prescribe him Amantadine. *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (prison official's discretion relevant to due process analysis). Moreover, because these Defendants reasonably treated Lamon's serious medical need, Lamon's deliberate indifference claim also fails. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (deliberate indifference requires a showing of a deprivation).

13.     Reviewing for an abuse of discretion, *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995), we summarily affirm the district court's management of the jury trial, including the appointment of pro bono trial counsel.

14.    We deny as moot Lamon's appeals from the district court's denials of various motions for preliminary injunctions. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992).

**AFFIRMED.**